# UNITED STATES DISTRICT COURT

**ROBERT C. HEINEMANN**
CLERK
**JAMES GIOKAS**
CHIEF DEPUTY

EASTERN DISTRICT OF NEW YORK

**PLEASE REPLY TO:**

☒ **BROOKLYN OFFICE**
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

☐ **LONG ISLAND OFFICE**
UNITED STATES DISTRICT COURT
100 FEDERAL PLAZA
CENTRAL ISLIP, NEW YORK
11722-4438

Clerk of Court
U.S. District Court - District of Massachusetts
John Joseph Moakley US Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

04    10526 EFH

MAGISTRATE JUDGE Dein

Re: Rene v. INS
EDNY Case Number: 04-cv-283 (RJD)
Date: March 15, 2004

Pursuant to the order of Judge Raymond J. Dearie  transferring this action to your court, the
following documents are herewith enclosed:

         _X_    Certified copy of order of transfer

         _X_    Certified copy of docket sheet

         _X_    Entire File

         ____ Other

Kindly acknowledge receipt of the above-cited documents on the enclosed copy of this letter.

Yours truly,

ROBERT C. HEINEMANN
Clerk of Court

By:  Alvin Chee
Deputy Clerk
(718) 260-2624

Enc.

**PROSE, HABEAS, CLOSED**

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00283-RJD
### Internal Use Only

04 10520 EFH

Rene v. Immigration and Naturalization Service
Assigned to: Judge Raymond J. Dearie
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2241 Petition for Writ of Habeas
Corpus (federa

Date Filed: 01/20/04
Jury Demand: None
Nature of Suit: 530 Habeas
Corpus (General)
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

------------------------

**Pierre Yves Jude Rene**        represented by **Pierre Yves Jude Rene**
FDC-Oakland
PO Box 5010
Oakdale, LA 71463
PRO SE

V.

**Defendant**

------------------------

**Immigration and
Naturalization Service**

A TRUE COPY
ATTEST
DATE..........3..1.5.........20.....
ROBERT C. HEINEMANN
BY..................................... CLERK
DEPUTY CLERK

| Filing Date | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 01/20/2004 | | ***Magistrate Judge Robert M. Levy chosen by random selection to handle matters that may be referred in this case. (Joe, Victor) (Entered: 01/27/2004) |
| 01/20/2004 | | ** Prisoner ProSe Flag Set (Joe, Victor) (Entered: 01/27/2004) |
| 01/20/2004 | ●1 | PETITION for Writ of Habeas Corpus, filed by Pierre Yves Jude Rene. (Attachments: # 1 Civil Cover Sheet)(Joe, Victor) (Entered: 01/30/2004) |
| 01/20/2004 | ●2 | MOTION for Leave to Proceed in forma pauperis by Pierre Yves Jude Rene. (Joe, Victor) (Entered: 01/30/2004) |
| 03/15/2004 | ●3 | TRANSFER ORDER: The Court finds that the proper venue for this case is the District of Massachusetts. Accordingly, in the exercise of its discretion and in the furtherance of justice, the Court orders the transfer of this petition to the District of Massachusetts, where the criminal conviction occurred, and the removal proceedings were initiated. The stay of removal will remain in place, pending review in the District of Massachusetts. Clerk to close case. C/M. Signed by Judge Raymond J. Dearie on 3/11/04. (Chee, Alvin) (Entered: 03/15/2004) |
| 03/15/2004 | ● | Case transferred out to District of Massachusetts; file and certified copy of docket sheet sent. (Chee, Alvin) (Entered: 03/15/2004) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PIERRE YVES JUDE RENE,

                Petitioner,

      -against-

IMMIGRATION AND NATURALIZATION
SERVICE,

               Respondent.
-----------------------------------------------------------X

**04 10526 EFH**

**TRANSFER ORDER**
CV 04-283 (RJD)

MAGISTRATE JUDGE _Dein_

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y.

★ MAR 15 2004

P.M. _____
TIME A.M. _____

DEARIE, District Judge.

       The petitioner, a citizen of Haiti, requested a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a stay of deportation on January 20, 2004. The petitioner is currently detained at the BICE detention facility in Oakdale, Louisiana. The petitioner asserts that venue for the instant petition is proper in the Eastern District of New York. Because the Court finds that venue is improper in the Eastern District of New York, the Court sua sponte transfers the petition to the District of Massachusetts, where venue is proper.

### Background

       The petitioner entered the United States from Haiti as a lawful permanent resident on December 24, 1983. On November 7, 1996, the petitioner was convicted in the Brighton District Court for the offense of assault and battery by means of a dangerous weapon. He was sentenced to two years imprisonment. See Exhibits 1 and 5 annexed to the Petition. The petitioner alleges that the INS initiated removal proceedings against him based upon his conviction, and issued a Notice to Appear ("NTA") on or about December 9, 1999. He maintains that the removal

3

proceedings were cancelled by the District Director on December 24, 1999. See Exhibit 4 annexed to the Petition.

The petitioner alleges that he was arrested on October 10, 2002 for disorderly conduct, and that the case was dismissed. Although the disorderly conduct case against the petitioner was dismissed, he maintains that he was held at the Bristol County Correctional Facility by the INS on the basis of his earlier 1996 assault and battery charge. On October 11, 2002, the INS issued a NTA, ordering the petitioner to appear at the Executive Office for Immigration Review in Boston, Massachusetts. See Exhibit 1 annexed to the Petition. The petitioner was eventually transferred from the Bristol County Correctional Facility to the BICE facility in Oakdale, Louisiana, where he is currently being detained.

In his petition, the petitioner argues that 1) AEDPA should not be applied retroactively to bar him from seeking INA § 212(c) relief; 2) the government is estopped from issuing a second NTA based upon his November 1996 conviction after the initial NTA was cancelled; 3) the crime for which he was convicted, assault and battery by means of a dangerous weapon, is not a crime of violence as defined by 18 U.S.C. § 16; 4) the INS violated regulations by transferring his case to Oakdale, Louisiana without prior notice; and 5) the respondent violated due process and equal protection.

### Discussion

Factors to be considered in determining the appropriate venue for habeas petitions brought pursuant to 28 U.S.C. § 2241 include (1) where all of the material events took place; (2) where records and witnesses pertinent to the claim are likely to be found; and (3) the convenience of the forum for both the respondent and the petitioner. See Henderson v. INS, 157 F.3d 106,

128 n.25 (2d Cir. 1998) (quoting <u>Braden v. 30th Judicial Circuit Court of Ken.</u>, 410 U.S. 484, 493-94 (1973)). None of those factors suggests proper venue in this district. Indeed, the conviction upon which petitioner's removability was based occurred in Brighton, Massachusetts, in the District of Massachusetts. Additionally, the petitioner specifically contends that it was unlawful for the government to serve a second NTA on October 11, 2002, after the first NTA was cancelled by the District Director on December 24, 1999. Both NTAs were issued by the immigration offices in Boston, Massachusetts. Therefore, any witnesses or documents relating to those actions will likely be located in the district of Massachusetts. <u>See</u> <u>Diallo v. Holmes</u>, 288 F.Supp. 2d 442, 445 (S.D.N.Y. 2003) (transferring case from Southern District of New York to the Western District of New York because the action the petitioner complained of occurred in the Western District and any witness or documents relating to that action were likely to be in that district); <u>Lewis v. Ashcroft</u>, No. 02-2053, 2003 WL 22056396, at *2 (E.D.N.Y. Sept. 4, 2003) (transferring case from Eastern District of New York to New Jersey because all deportation proceedings were in New Jersey, where petitioner was incarcerated, and the administrative records were in New Jersey as well).

With respect to the petitioner's convenience, he is currently being held at the BICE detention center in Oakdale, Louisiana. The Court, therefore, does not see how the Eastern District of New York could be the most convenient forum for the petitioner. <u>See</u> <u>Reyes-Gomez v. Ashcroft</u>, No. 02-2118, 2002 WL 1267994, at *1 (E.D.N.Y. April 22, 2002) (holding that the Western District of Louisiana is "the most convenient forum for petitioner since that is where he is presently detained."). Furthermore, while the petitioner claims that he is a resident of Brooklyn, New York, several documents in his petition appear to contradict this assertion. For

3

example, the criminal docket sheet reflecting the petitioner's 1996 arrest for assault and battery, lists his address as 244 Kelton Street #7, Brighton, MA 02135. Additionally, based on the petitioner's submissions, it is likely that he was residing in Massachusetts at the time of his arrest for disorderly conduct on October 10, 2002. The petitioner does not state where he was arrested, but the Notice to Appear, which was issued on October 11, 2002, the day after his arrest, was issued by the immigration office in Boston, Massachusetts, and it lists the petitioner's residence as USINS/DSF 427 Commercial Street, MA 02109. Thus, the petitioner's disorderly conduct arrest must have occurred in the Boston area. Moreover, the petitioner maintains that he has been in BICE custody since October 10, 2002, and that he was transferred from Bristol County Correctional facility in Massachusetts to the BICE detention center in Oakdale, Louisiana. Therefore, at least since October 2002, the plaintiff has not resided in New York. Even if the plaintiff was a Brooklyn resident prior to his detention in October 2002, venue in this district is still improper since his former residence in Brooklyn is the only relation that this action has to the Eastern District of New York. Akhta v. Reno, No. 00-0566, 2000 WL 280027 (S.D.N.Y. 2000) (transferring case to Western District of New York sua sponte where the only relation that the action had to the Southern District of New York was that the petitioner lived in New York City prior to his incarceration and all of the relevant witnesses and documents were located in the Western District).

After weighing all of the relevant factors, this Court finds that the proper venue for this case is the District of Massachusetts. Accordingly, in the exercise of its discretion and in the furtherance of justice, the Court orders the transfer of this petition to the District of Massachusetts, where the criminal conviction occurred, and the removal proceedings were

4

initiated.

The stay of removal will remain in place, pending review in the District of Massachusetts.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       March _11_, 2004

RAYMOND J. DEARIE
United States District Judge

5

A TRUE COPY
ATTEST
DATE.......3.15........20.04..
ROBERT C. HEINEMANN
                              CLERK
BY...............................
                      DEPUTY CLERK