UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIERRE YVES JUDE RENE, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 04cv10526-EFH |
| ) | |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
| ) | |
| Respondent ) | |

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Respondent[1] moves to dismiss this case, because by the time of the transfer of this case to the Massachusetts district court from the Eastern District of New York, the case was already moot as a result of petitioner's deportation from the United States on January 26, 2004.

Moreover, because petitioner was detained at the Oakdale, Louisiana, ICE facility and not detained within the district of Massachusetts, there is no in personam jurisdiction for the habeas corpus petition in this district. Vasquez v. Reno, et al., 233 F.3d 688 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S.Ct. 43 (2001)(Massachusetts district court lacks in personam jurisdiction over custodian of INS

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of

detainee in Oakdale, Louisiana, in habeas corpus action).

Accordingly, since the case was moot when transferred in, and this Court lacks in personam jurisdiction over the erstwhile custodian, this action should be dismissed.

## ARGUMENT

I.  PETITIONER HAS BEEN REMOVED FROM THE UNITED STATES AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS, AND THE COURT LACKS IN PERSONAM JURISDICTION OVER PETITIONER'S FORMER CUSTODIAN IN OAKDALE, LOUISIANA.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v.

---

Immigration and Customs Enforcement. These changes were

<u>Bonner Mall Partnership</u>, 115 S.Ct. 386, 390 (1994).

At the time of the transfer of this case to the Massachusetts district court from the Eastern District of New York, the case was already moot as a result of petitioner's deportation from the United States on January 26, 2004. In addition, because petitioner was detained in the Western District of Louisiana -- and not in the district of Massachusetts -- this Court lacked in personam jurisdiction over petitioner's custodian in Louisiana. <u>Vasquez v. Reno, et al.</u>, 233 F.3d at 690 "[t]his means, of course, that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody."

Accordingly, the case should be dismissed as moot and for lack of in personam jurisdiction over the (prior) custodian of petitioner.

## CONCLUSION

Because there is no present case or controversy this action should be dismissed for mootness, and also for lack of in personam jurisdiction.

---

effective March 1, 2003.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail at his record address on April 6, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114